IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORGAN JAMES KANE,

    Petitioner,                        No. CIV 08-0913 JAM DAD P

    vs.

STEVE MOORE, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

                               /

          Petitioner, a state prisoner at Deuel Vocational Institution, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner challenges the accuracy of a psychologist's report prepared in connection with his November 2007 hearing before the Board of Parole Hearings. (Pet. at 4-5.) Petitioner also argues that the Fresno County Superior Court erred in failing to prohibit the Board from relying on the challenged report and in not ordering that a new hearing be held untainted by the inaccurate report. (Id.) Petitioner seeks an order requiring that a new parole hearing be conducted and that the Board find him suitable for parole absent evidence of a current threat to public safety posed by his release. (Id.)

          Before the court is respondents' motion to dismiss the pending federal petition for failure to exhaust these claims in state court. Petitioner has filed opposition to the motion. For

1

the reasons discussed below, the court will somewhat reluctantly recommend that the motion to dismiss be granted.

## BACKGROUND

In 1984, petitioner was sentenced in the Fresno County Superior Court to a term of twenty-five years to life in prison for first degree murder plus two years for forgery and attempted forgery. (Pet. at 1.)

In anticipation of petitioner's then-upcoming parole hearing, psychologist Dr. Steven Walker prepared a mental health evaluation of petitioner which was dated October 10, 2007. (Pet. at 9, Ex. 5(a)(1).) According to petitioner, on October 25, 2007, he mailed his state habeas petition in which he challenged Dr. Walker's evaluation to the San Joaquin County Superior Court. (Opp'n to Mot. to Dismiss at 1.) On November 9, 2007, the Board of Parole Hearings denied petitioner parole. (Id.) On December 17, 2007, the San Joaquin County Superior Court issued an order denying petitioner's habeas petition, stating as follows:

> Petitioner seeks "injunctive relief" in excluding an assessment prepared by Dr. Steven Walker, Ph.D., from his parole hearing to be held on November 9, 2007. As noted above, Petitioner's petition was not filed with this court until December 17, 2007, rendering it moot as to any hearing held in November 2007. Furthermore, Habeas Corpus is an extraordinary and collateral action that lies to review a claim of denial of substantial constitutional rights that may have affected the integrity of the fact finding process. (In re Reed (1983) 33 C3d 914, 918 n2, overruled on other grounds in In re Alva (2004) 33 C 4th 254, 292.) It is not a means to prospectively seek exclusion of evidence.

(Pet. at 19, Ex. 5(a)(11).)

On February 14, 2008, the California Court of Appeal for the Third Appellate District denied petitioner's habeas petition that had apparently been filed with that court, stating as follows:

> The petition for writ of habeas corpus is denied pursuant to rule 8.380(d) of the California Rules of Court, without prejudice for filing with the California Court of Appeal, Fifth Appellate District.

(Pet. at 22, Ex. 5(a)(14).)

1  On March 26, 2008, the California Supreme Court summarily denied a petition for
2  review, as opposed to a habeas petition, filed before it by petitioner. (Id. at 23, Ex. 5(a)(15).)
3  On April 30, 2008, petitioner filed his federal habeas petition with this court,
4  describing the two claims presented therein as follows:

> Ground one: A Board of Parole Hearings Psychologist submitted a Mental Health Evaluation containing information and a prognosis not support on record. For [sic] the purposes of attaching a label so that BPH will have the evidence to find me unsuitable; this is because the previous CDC Psychologist were not providing evidence the BPH needs to deny suitability.
>
> Ground two: The Superior Court Clerk delayed in filing the Petition and the Judge did not issue injunctive relief preventing the use of the report In [sic] the BPH process. When the Judge discovered that the hearing had already been held, the Justice did not, as would be reasonable in light of the facts, order that another evaluation be made and that the BPH conduct another parole hearing.

(Pet. at 5-5a.) In support of his claims for relief, petitioner contends that the mental health evaluation prepared by Dr. Walker was "fraudulent" and that the doctor "reviewed and interpreted" a prior mental health evaluation and other records and attempted to "portray facts not supported by the record as true and factual."[1] (Id. at 5.)

I. Parties' Arguments

Respondents argue that petitioner has failed to exhaust his federal claims in state court because he did not provide the state's highest court with a fair opportunity to rule on the merits of those claims now being presented in federal court. In this regard, respondents argue that because the California Supreme Court summarily denied the petition for review filed before it, this court must look to the last reasoned decision by the state courts. (Mot. to Dismiss (MTD) at 4.) Respondents contend that the last reasoned decision was by the California Court of Appeal

---

[1] Petitioner has attached a copy of Dr. Walker's report to his petition. (Pet. at 9, Ex. 5(a)(1).) The report identifies the inmate who is the subject of the report as "WETMORE, John" but in an earlier psychological assessment it is noted that the inmate formally changed his name to Morgan James Kane on October 26, 1990. (Pet. at 10, Ex. 5(a)(2).)

3

1  for the Third Appellate District and that court found that the habeas petition had been filed in the
2  wrong court, denying the petition without prejudice to its filing in the Fifth Appellate District.
3  (See Pet. at 22, Ex. 5(a)(14).)  Respondents point out that instead of then filing a petition for writ
4  of habeas corpus with the California Supreme Court, petitioner elected instead to challenge the
5  state appellate court's ruling by filing a petition for review with the state high court.  (MTD at 4,
6  n.2.)  While the former may have been sufficient to exhaust the federal claim petitioner now
7  seeks to present, the latter was not.  (Id.)   Respondents argue that in summarily denying the
8  petition for review before it, the California Supreme Court was not presented with and did not
9  consider the merits of petitioner's habeas claims but rather presumably relied on the same
10 procedural ground that served as the basis for the denial of habeas relief by Third District Court
11 of Appeals.  Respondents conclude that a claim has not been fairly presented to the state's
12 highest court if "the state's highest court does not reach the merits of a claim due to the
13 procedural context in which it was presented."  (MTD at 3-4) (citing Pitchess v. Davis, 421 U.S.
14 482, 488 (1975) and Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).).

15          In his opposition to the pending motion to dismiss petitioner argues at some
16 length that the San Joaquin County Superior Court erred in every respect with its handling and
17 rejection of his habeas petition filed with that court.  (Opp'n at 1-2.)  Petitioner next argues that
18 the California Court of Appeal for the Third Appellate District also erred because that court had
19 jurisdiction over his habeas petition and, at the very least, should have transferred the case to the
20 Fifth District Court of Appeal rather than deny the petition without prejudice to refiling.  (Id. at
21 2-3.)  Finally, petitioner argues that his claims were fairly presented in his petition for review
22 filed with the California Supreme Court and that the state's highest court was given the
23 opportunity to review the merits of the claims but instead chose to summarily deny relief.  (Id. at
24 4.)  Under these circumstances, petitioner argues that he properly exhausted his federal claims by
25 fairly presenting them to the state's highest court.  (Id.)
26 /////

II. Exhaustion Requirement

State courts must be given the first opportunity to decide a state prisoner's habeas corpus claims. Rhines v. Weber, 544 U.S. 269, 273-74 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); see also Farmer v. Baldwin,497 F.3d 1050, 1053 (9th Cir. 2007) (The exhaustion requirement is intended to afford "the state courts a meaningful opportunity to consider allegations of legal error" before a federal habeas court may review a prisoner's claims) (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). In general, a state prisoner's application for a writ of habeas corpus will not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999); see also Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

III. Discussion

It now appears clear that the focus of petitioner's federal habeas action is a challenge to the validity of Dr. Walker's 2007 mental health evaluation and the use of that report in the November 2007 parole proceedings held in his case. The court will take the allegations of the petition at face value and assume that these same claims were presented in the petition for review filed in the California Supreme Court.[2]

---

[2] The parties have not filed or lodged copies of the state court petitions with this court.

1   As noted, petitioner filed a petition for review with the California Supreme Court. Because the court summarily denied that petition for review, we look to the California Court of Appeal's decision, the last reasoned decision, for the basis of the California Supreme Court's judgment. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground.")  In Nunnemaker, the Supreme Court also noted, "[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."  Id.  Here, the California Court of Appeal for the Third Appellate District denied the habeas petition without prejudice to refiling in the proper court because it found that petitioner should have filed his petition with the California Court of Appeal for the Fifth Appellate District.  The state appellate court relied upon former Rule 8.380(d)(2) of the California Rules of Court which provided:

> Petition filed in an inappropriate court
>
> A Court of Appeal must deny without prejudice a petition for writ of habeas corpus that challenges the denial of parole . . . if the issue was not first adjudicated by the trial court that rendered the underlying judgment.

Cal. Rules of Court, Rule 8.380 (Westlaw, historical notes for 2009 Amendment).[3]  Petitioner disagrees with this order issued by the state appellate and argues that his habeas petition was in fact properly filed with the Court of Appeal for the Third Appellate District.  However, federal courts do not have jurisdiction "to review state court applications of state procedural rules." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." ); High v. Ignacio, 408 F.3d 585, 590 (9th Cir.

---

[3] The California Court of Appeal for the Fifth Appellate District covers Fresno County where petitioner was convicted.

2005) ( "This court accepts a state court ruling on questions of state law."); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997) ("It is not the office of a federal habeas court to determine that a state court made a mistake of state law" in applying a state procedural bar.).

      Petitioner had the opportunity to fairly present his federal claims to the highest state court either by (1) re-filing his petition with the Court of Appeal for the Fifth Appellate District and if denied relief, filing a petition for review with the California Supreme Court, or (2) arguably by filing a petition for writ of habeas corpus with the California Supreme Court after the Third District Court of Appeal denied his petition without prejudice. He did neither. By failing to do so the merits of his federal claims were not fairly presented to the state's highest court and are therefore unexhausted. See Lujan v. Davis, No. C 07-00387 CW (PR), 2008 WL 783366 at *2 (N.D. Cal. March 25, 2008) ("When a habeas petition is denied because of procedural defects that may be remedied in state court, the claims have not been 'fairly presented' to the state court and are not exhausted.") (citing Harris v. Superior Court, 500 F.2d 1124, 1126 (9th Cir. 1974)). Therefore, respondents' motion to dismiss the action for failure to exhaust state court remedies should be granted.[4]

/////

---

[4] Above, the court indicated that it was somewhat reluctantly recommending dismissal for failure to exhaust. That reluctance is based in large part on petitioner's status as a pro se litigant and the appreciation of how difficult it is for non-lawyers to navigate the byzantine labyrinth that federal habeas corpus procedure has become. From petitioner's point of view, he was frustrated at each step of the way in his attempts to have the state courts address his claim on the merits. First, the Superior Court delayed acting on his habeas petition until it arguably became moot and then dismissed it on that ground. Next, from petitioner's view, the division of the state appellate court nearest to the Superior Court that had wrongly denied relief and to the place of petitioner's incarceration denied the habeas petition filed before it as being properly filed only in the appellate district where petitioner was long ago convicted. Finally, the undersigned has many times expressed the opinion that petitions such as these are often most expeditiously addressed on the merits rather than on procedural grounds. Nonetheless, the undersigned is mindful that in this case, petitioner was specifically advised by the California Court of Appeal for the Third Appellate District that pursuant to the California Rules of Court his petition was being denied without prejudice to filing with the Fifth Appellate District. The court's directive was clear. Petitioner simply failed to follow it and in doing so, failed to exhaust his federal claims by fairly presenting them to the highest state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss for failure to exhaust state court remedies (Doc. No. 5), filed on June 30, 2008, be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
kane0913.157

8